1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8
9
10
11
12
13

| DAVID RECINOS; ELSA PERALTA, |
| Plaintiffs, |
| v. |
| MOREQUITY, INC., et al., |
| Defendants. |

2:12-CV-826 JCM (GWF)

Bankruptcy Case No. 09-28799-MKN

14

**ORDER**

15   Presently before the court is appellee MorEquity, Inc.'s motion to dismiss appeal or,

16   alternatively, motion for entry of order affirming the bankruptcy court's order.  (Doc. #10).  *Pro se*

17   appellants David Recinos and Elsa Peralta filed an opposition.  (Doc. #15).  Appellee then filed a

18   reply.  (Doc. #20).

19   Appellants instituted adversary proceeding number 11-01287-MKN on October 11, 2011.

20   (Doc. #9, Ex. 11).  The bankruptcy court entered an order dismissing appellants' amended complaint

21   for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 12, 2012.

22   (Doc. #9, Ex. 16).  Appellants appealed the dismissal order on March 22, 2012 (doc. #9, ex. 17), and

23   on March 28, 2012, appellee filed a statement of election requesting transfer of the appeal from the

24   bankruptcy appellate panel ("BAP") to this court (doc. #9, ex. 18).  Appellants filed their opening

25   brief with the BAP on May 14, 2012.  The BAP transferred the appeal to this court on May 16, 2012.

26   (Doc. #1).

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

1   Appellee now moves to dismiss the instant appeal, asserting that appellants failed to file
2   excerpts of record with their opening brief.  (Doc. #10).  Appellee further notes that appellants'
3   opening brief does not contain any citations to the record in support of the factual contentions in the
4   appeal.  Therefore, appellee argues that this court does not have an adequate record on appeal, and
5   the appeal should be dismissed.

6   In response, appellants acknowledge that they did not file excerpts of record with their
7   opening brief.  (Doc. #15).  However, appellants state that they filed an appendix and excerpts of
8   record simultaneously with their opposition to the motion to dismiss.  (Docs. #14 and #15).
9   Appellants filed an amended appendix and excerpts of records on June 20, 2012.  (Doc. #17).

10   "*Pro se* litigants are not excused from complying with [bankruptcy] rules." *In re Clinton*,
11   449 B.R. 79, 83 (9th Cir. BAP 2011) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).
12   "[T]he failure to present a sufficient record can itself serve as a basis for summary affirmance . . .
13   or for a dismissal of the appeal."  *In re O'Brien*, 312 F.3d 1135, 1137 (9th Cir. 2002) (internal
14   citations omitted).  The rules of practice and procedure "serve a critical function in that they
15   maximize ever more scarce judicial resources." *Id*.

16   Federal Rule of Bankruptcy Procedure 8009(b) states that "the appellant shall serve and file
17   with the appellant's brief excerpts of the record as an appendix . . . ."  Further, Local Rule 8009(a)
18   states that the parties must file excerpts of record to the district court in the same manner as required
19   by Federal Rule of Bankruptcy Procedure 8009(b).  Finally, Local Rule 8070(a) states that the court
20   "may dismiss the appeal, impose sanctions, or both . . . (a) [w]hen an appellant fails to timely . . . file
21   the excerpts of record . . . ."

22   Appellants' untimely efforts to present the court with sufficient excerpts of record do not cure
23   the deficiencies in their opening brief.  Pursuant to Federal Rule of Bankruptcy Procedure 8009(b)
24   and Local Rule 8009(a), appellants were required to file excerpts of record with their brief.  Instead,
25   appellants filed their excerpts of record more than two months after they filed their opening brief.
26   Appellants' amended appendix and excerpts of record are more than 550 pages long, and the opening
27   brief does not cite to any material within these records.  (Docs. #4 and #17).  Accordingly, the

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    current record is insufficient to present an adequate basis for review by this court.

2         Further, while neither of the parties discussed this issue, the court notes that the clerk of the

3    bankruptcy court has not issued a certificate of record on appeal in this case.  On May 16, 2012, the

4    court issued a minute order, stating that if the designation of reporters and recorders transcripts "was

5    previously filed with the clerk of the BAP, counsel shall file a copy of the same with the clerk of the

6    bankruptcy court" so the certificate of record on appeal may be transmitted timely to the district

7    court.  (Doc. #2).  On May 29, 2012, the clerk of the bankruptcy court issued a status report

8    regarding the record on appeal, noting that the certificate of record on appeal has not been forwarded

9    because there was no reporter's transcript filed.  (Doc. #6).  To date, there is no certificate of record

10   on appeal on the docket in this case.

11        Accordingly,

12        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that appellee MorEquity, Inc.'s

13   motion to dismiss appeal (doc. #10) be, and the same hereby is, GRANTED.

14        IT IS FURTHER ORDERED that the appeal in the instant matter, *Recinos, et. al. v.*

15   *MorEquity Inc., et. al.*, case number 2:12-cv-826-JCM-GWF, be, and the same hereby is,

16   DISMISSED.

17        DATED June 28, 2012.

19   _____
     UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -